UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22795-DPG

BARBARA GARCIA,

    Plaintiff,

v.

RAMON BALLADARES,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. For the reasons set forth below, this case shall be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "state court").

On June 20, 2025, Plaintiff Barbara Garcia ("Plaintiff") filed an Amended Complaint in the state court, asserting two claims under 42 U.S.C. § 1983 against the City of Coral Gables (the "City") and a Florida common law abuse of process claim against Defendant Ramon Balladares ("Defendant"). [ECF No. 6-3]. On June 20, 2025, Defendant removed the action to this Court on the basis of federal question jurisdiction. [ECF No. 1]. On August 20, 2025, Plaintiff filed a Second Amended Complaint, retaining the abuse of process claim against Defendant but dropping the federal claims against the City. [ECF No. 11].

On August 20, 2025, the Court entered an Order to Show Cause requiring the parties to file memoranda addressing whether this Court still has subject matter jurisdiction and whether the case should be remanded back to the state court. [ECF No. 12]. On August 26, 2025, and August 27, 2025, Defendant and Plaintiff filed separate memoranda stating there was no basis to invoke this Court's subject matter jurisdiction. [ECF Nos. 13, 15]. Accordingly, this action shall be remanded to state court. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43 (2025) (holding that "the plaintiff's excision of her federal-law claims deprives the district court of its authority to decide the state-law claims remaining.").

Separately, Defendant filed a Motion for Attorneys' Fees and Costs ("Motion"), on the basis that he advised Plaintiff, prior to removal, that her federal claims were frivolous and highlighted that Plaintiff previously filed defective pleadings in a separate action. [ECF Nos. 14, 14-1]. According to Defendant, Plaintiff proceeded with her deficient federal claims and, as a result, wasted judicial resources. Based on this record, the Court does not find a sufficient basis to award attorney's fees or costs. *See Dominguez v. United Benefit Life Ins. Co.*, No. 05-22145-CIV, 2005 WL 8155256, at *2 (S.D. Fla. Oct. 19, 2005) ("The award of attorney fees and costs under 28 U.S.C. § 1447(c) is within the court's sole discretion."); s*ee also Johnson Matthey Process Techs., Inc. v. G.W. Aru LLC*, 603 F. Supp. 3d 1374, 1379–80 (S.D. Ga. 2022) ("the failure to properly state a claim, by itself, will not warrant an inference of bad faith justifying an award of attorney's fees."). As a result, this Court denies Defendant's Motion.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
2. Defendant's Motion for Attorneys' Fees and Costs, [ECF No. 14], is **DENIED**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE